UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 6:05-636

THE HEART DOCTORS, P.S.C.                                                              PLAINTIFF

v.                                    **OPINION AND ORDER**

WILFRED A. LAYNE, M.D.,                                                                 DEFENDANT

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion for Summary Judgment ( Rec. No. 9) of the Defendant, Wilfred A. Layne, M.D. ("Layne"). For the following reasons, the Court will GRANT the motion.

**I.    FACTS.**

In its Complaint, the Plaintiff, The Heart Doctors, P.S.C. (the "Company"), alleges it employed Layne who provided medical services including chemotherapy treatment from the Company's offices in London, Kentucky. The Company alleges that, while Layne was employed by the Company, Sandra Ramey, an R.N. also employed by the Company, filed a qui tam action on behalf of the United States against the Company under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, alleging that the Company had filed false claims for reimbursement with the United States for medical services provided to Medicare, Medicaid and TRICARE beneficiaries.

The FCA provides civil penalties against a person who submits a false claim for payment to the United States. 31 U.S.C. § 3729(a). To encourage reporting of false claims, the FCA provides that any person may commence, for the benefit of the United States, a civil action for violation of the FCA. 31 U.S.C. § 3730(b)(1). The United States is served with a copy of the complaint, and if the government elects to proceed with the action, the originator of the suit remains as a qui tam

plaintiff. 31 U.S.C. § 3730(b) and (c). If the action is successful, the qui tam plaintiff is entitled to a portion of the recovery. 31 U.S.C. § 3730(d).

In the FCA action, Ramey alleged that the Company had violated billing rules that required a physician's presence and direct supervision when chemotherapy is being administered. Ramey alleged that Layne was not present when certain chemotherapy services were provided at the Company's offices and that she administered such services without any supervision. Layne admitted that he had committed the billing violations. The Company ultimately paid $434,180 to the United States pursuant to a settlement agreement. Layne was not a party to the qui tam action or to the settlement agreement.

In the current action, the Company seeks from Layne reimbursement of the amount it paid to the United States in the FCA action and also reimbursement of the $124,142.13 it incurred in attorney fees in the FCA action. Layne moves for summary judgment (Rec. No. 9), arguing that a defendant in an FCA action cannot seek indemnification from a third party. In response, the Company argues it has not asserted an indemnification claim against Layne but instead asserts a breach of contract claim.

**II.     ANALYSIS.**

Under Fed. R. Civ. P. 56, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Having reviewed the pleadings and the relevant case law, the Court has determined that it may decide the issues presented in Layne's Motion for Summary Judgment without a hearing.

Accordingly, the Company's Motion for Hearing will be denied.

The Sixth Circuit has not addressed the issue of whether a defendant in an FCA action may seek indemnification from a third party. In *Mortgages, Inc. v. United States District Court*, 934 F.2d 209 (9th Cir. 1991), the Ninth Circuit addressed this issue. In that case, the defendants in an FCA action filed third party complaints against the qui tam plaintiffs asserting various state law claims pursuant to each of which the FCA defendants sought indemnification and/or contribution against any judgment in favor of the United States. *Id.* at 210-11.

In determining whether the FCA defendants could seek indemnification from a third party, the Court assumed that the government would recover from the defendants under the FCA and that the qui tam plaintiffs bore significant responsibility for the FCA violations. *Id*. at 212. Even still, the Court concluded that there was no basis for recognizing a right of contribution or indemnification in the case. *Id*

The Ninth Circuit reasoned that the right to contribution and indemnification is no different from other implied rights of action. *Id*. "A defendant held liable under a federal statute has a right to contribution or indemnification from another who has violated the statute only if such right arises (1) through the affirmative creation of a right of action by Congress, either expressly or implicitly, or (2) via the power of the courts to formulate federal common law." *Id*. (citing *Texas Indus., Inc. v. Radcliff Materials*, 451 U.S. 630, 638 (1981); *Northwest Airlines v. Transp. Workers Union of America*, 451 U.S. 77, 90-91 (1981)).

The Ninth Circuit found that the FCA did not expressly grant a right of indemnification to defendants and that there was nothing in the statute's legislative history that mentioned contribution or indemnification. *Id*. at 213. Further, the FCA did not intend to "ameliorate the liability of

wrongdoers by providing defendants with a remedy against a qui tam plaintiff with 'unclean hands.'" *Id*. The Court determined that, because there was "no basis in the FCA or federal common law to provide a right to contribution or indemnity in an FCA action, we conclude that there can be no right to assert state law counterclaims that, if prevailed on, would end in the same result." *Id*. at 214.

Several district courts have endorsed the Ninth Circuit's ruling. *See, e.g., United States v. Dynamics Research* Corp, - - F.Supp. 2d - -, 2006 WL 2007649, at * 4 (D. Mass. July 17, 2006); *United States ex rel. Scott v. Metrop. Health Corp.*, 2005 WL 3434830, at *11 (W.D. Mich. Dec. 13, 2005)(FCA defendant has no right to indemnification against qui tam plaintiff for legal violations giving rise to the FCA but may assert an unrelated claim arising after the qui tam event against the qui tam plaintiff); *United States ex rel. Mikes v. Straus*, 931 F.Supp. 248, 261-62 (S.D.N.Y. 1996); *United States ex. rel. Pub. Integrity v. Therapeutic Tech., Inc.*, 895 F.Supp. 294, 296-97 (S.D. Ala. 1995); *United States ex rel. Stephens v. Prabhu*, 1994 WL 761237, at *1 (D.Nev. Dec. 14, 1994)(FCA defendant may only maintain a claim for independent damages, i.e., a claim that is not dependent on a finding that the FCA defendant is liable, but has no right to assert a claim that will have the effect of providing for indemnification or contribution); *United States ex rel. Madden v. General Dynamics Corp*, 4 F.3d 827, 830-31 (9th Cir. 1993)(reversing dismissal of counterclaims seeking independent damages rather than indemnification and/or contribution against FCA relator).*Cf. United States ex rel. Burch*, 145 F.R.D. 452, 456-57 (S.D. Ohio 1992)(rejecting FCA defendant's argument that *all* counterclaims in FCA cases are barred as a matter of law and permitting counterclaims arising from the same transaction or occurrence as the plaintiffs' personal claims for employment discrimination).

In addition, in a case decided on other grounds, the Eleventh Circuit stated that there is "no

right to indemnity. . .under the FCA." *Israel Discount Bank Ltd. v. Entin*, 951 F.2d 311, 315 n. 9 (11th Cir. 1992).

In *Dynamics Research Corp.*, the district court rejected the arguments that *Mortgages* applies only to FCA defendants seeking a remedy against qui tam plaintiffs with unclean hands and that *Mortgages* does not apply to cases in which the FCA defendant's liability is vicarious and not direct. 2006 WL 2007649 at * 4. The court stated that the Ninth Circuit's opinion "relies very little on the fact that the defendant in its case was seeking damages from a qui tam plaintiff" and that "nothing in the Ninth Circuit's federal common law analysis suggests that the court would have arrived at a different conclusion if the potential indemnitee had been a third party. . . instead of a qui tam plaintiff." *Id*. The court further concluded that the FCA has two purposes: making the government whole and restitution and that, thus, "[i]n the eyes of the FCA, vicariously liable and directly liable defendants have the same legal standing." *Id.*

The Company has not argued that this Court should not accept the reasoning of the Ninth Circuit in *Mortgages* with regards to whether an FCA defendant may assert a counterclaim against a party seeking indemnification for amounts paid to the government. It argues only that it does not actually seek indemnification. Nor has the Company offered the Court any reason that *Mortgages* does not apply to this case. Having reviewed *Mortgages* and finding it well-reasoned, the Court adopts its analysis and holding and finds it applicable to this action. Accordingly, having been found liable under the FCA, the Company may not now bring any claim against any party seeking to offset their FCA liability including any state law claims that, if prevailed, on would end in the same result.

In its Complaint, the Company seeks "[c]ompensatory damages for reimbursement of the amount required to refund the United States in the amount of $434,180" and "[c]ompensatory

5

damages for attorney fees required to represent the plaintiffs for the defendants fraud in the amount of $124,142.13." With its Complaint, the Company seeks indemnification for its liability under the FCA and, accordingly, the Complaint must be dismissed.

For all the above reasons, the Court hereby ORDERS as follows:

1) Layne's Motion for Summary Judgment (Rec. No. 9) is GRANTED;

2) The Heart Doctors' Motion for Hearing (Rec. No. 12) is DENIED; and

3) This matter is STRICKEN from the active docket of this Court.

This 13th day of September, 2006.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge